UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL E. SALLEY**<br>      **FED. REG. #20557-424** | **CIVIL ACTION NO. 2:11-CV-102** |
| **VERSUS** | **JUDGE MINALDI** |
| **J. P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on January 11, 2011, by petitioner Daniel E. Salley. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the United States Penitentiary, Tucson, Arizona. However, at the time of filing this petition, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).[1] Petitioner names FCIO Warden J.P. Young as his defendant herein. In his petition, he alleges violations of his due process rights; specifically, that he was convicted while legally incompetent.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

-1-

*Statement of the Case*

On January 31, 2003, the United States District Court for the Northern District of Illinois, Eastern Division, entered an order finding petitioner, Daniel E. Salley, mentally incompetent to assist in his defense.[2] On January 14, 2004, the court found that petitioner was competent to stand trial.[3] A status conference was held in the case on September 29, 2005, in which the judge concurred with the finding of January 14, 2004.[4]

Petitioner was tried and convicted by a jury on October 25, 2005, in the United States District Court for the Northern District of Illinois, Eastern Division, for, among other charges, attempted murder, use of a firearm during a felony crime of violence, assault, hostage taking, and bank robbery. He was subsequently sentenced (on February 9, 2006) to life imprisonment, plus 132 years to run consecutively to the term of life.[5]

Salley states that he did not file a direct appeal of his sentence. Doc.1, p. 2. However, petitioner stated that he did attack his sentence and conviction via various motions, including a Rule 60(B)(5) motion for emergency release and a 28 U.S.C. § 2255 motion. Doc. 1, p .3. The extensive published documentation verifies the filings as indicated by petitioner, as well as the denials, transfers, and findings of duplication.[6]

Salley filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 11, 2011, in which he again raises the argument that his sentence is illegal because he was convicted while legally incompetent. Petitioner does not state the relief that he is seeking.

---

[2] See, *USA v. Salley*, 1:01-cr-750 (U.S. District Court, Northern District of Illinois), Doc. 66.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] See, *Salley v. United States*, 6:09-cv-480 (U.S. District Court, Middle District of Florida-Orlando), Doc. 1; *Salley v. United States*, 1:09-cv-4057 (U.S. District Court, Northern District of Illinois-Chicago), Docs. 5, 15, 17,

In his past motions, he has asked the courts to void his 2005 sentence and release him immediately.

### *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging the sentence imposed by the United States District Court for the Northern District of Illinois, Eastern Division. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-*

---

18, 19; *USA v. Salley*, 1:01-cr-750 (U.S. District Court, Northern District of Illinois), Docs. 191,195.

*Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE